{¶ 23} I respectfully dissent from the holding of the majority. I would find the statutory Medicare lien in the amount of $11,657.23 is not an expense of the insured and allow Mathis to recover that amount from her own UIM coverage.
 {¶ 24} I respectfully disagree with the majority analysis that because the statutory Medicare lien was directly charged to Mathis as an insured, it was an expense that she was not entitled to reduce as "amounts available for payment" from the tortfeasors. There is a clear split among jurisdictions on this issue. The majority relies on the holding in Mid-American Fire Cas. Co. v. Broughton, 154 Ohio App.3d 728, from the Seventh District, which, in my view, did not properly apply theLittrell standard. Drawing a distinction between a Medicare lien applied to an insured from one applied to an estate ignores the very nature of a statutory Medicare lien and how it impacts the "amounts available for payment."
 {¶ 25} There is a clear distinction between a Medicare statutory lien and an expense such as the attorney's fees of a claimant. Littrell said as much with the language "* * * expenses and attorney fees are not part of the setoff equation. Such fees are an expense of an insured and should not act, in order to increase underinsured motorist benefits, to reduce the `amounts available for payment' from the tortfeasor's automobile liability carrier. Conversely, a statutory subrogation lien to Medicare should be considered when determining the amounts available for payment from the tortfeasor. Such a lien is not an expense of an insured." Littrell, 91 Ohio St.3d at 434.
 {¶ 26} Whether statutory Medicare liens are attributed to beneficiaries of an estate or an actual insured, they are mandatory and are never "available" to either the beneficiaries of an estate or the actual insured. I believe the analysis of the Fourth District in Rucker v. Davis, Ross App. No. 02CA2670, 2003-Ohio-3192, is persuasive. In Rucker, the court held that a $50,000 payment by the tortfeasor was not available to the husband because of a lien. Id. The court was clear in its analysis stating: "* * * there is no genuine issue of material fact that the amounts paid by the tortfeasors, the Davis family, were not available to Mr. Rucker because of the CIGNA lien. We see no difference between the statutory Medicare lien inLittrell and the CIGNA lien here. Thus, we find that the fifty thousand dollars paid by the Davis family was not actually accessible to and recoverable by Mr. Rucker." Id.
 {¶ 27} I would apply the same analysis to the instant case. Because the $11,657.23 was never available or accessible to Mathis because of the Medicare lien, that amount should be available for recovery under her UIM coverage.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.